RECEIVED
IN LAKE CHARLES, LA.

APR 29 2013

TONY R. MOORE, CLERK
BY_____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 CR 00108-001 |
| VS. | : | JUDGE MINALDI |
| STEPHEN BROUSSARD | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence (Rec. Doc. 36) filed by the defendant, Stephen Broussard ("Broussard"). The motion has been opposed (Rec. Doc. 46) by the Government and the defendant filed a reply (Rec. Doc. 49). This matter is fully briefed and ready for disposition.

The defendant argues ineffective assistance of counsel. To support his assertion of ineffective assistance of counsel, Broussard argues that his guilty plea was invalid because his counsel[1] was so incompetent that he was incapable of advising the defendant properly. Broussard asserts that neither he nor his counsel understood the statutes governing the charges in the indictment nor the sentencing guidelines applicable to his sentence. Broussard asserts specifically that his counsel, Sanchez, was ineffective because he allowed the defendant to be overcharged as a "receiver" rather than a "possessor" of child pornography; told Broussard that he could not win at trial because child pornography cases are emotional; he advised Broussard against engaging a forensic analyst; advised the defendant not to object to the enhancements; and refused to file a motion to dismiss the receipt

---

[1] The defendant was represented at his guilty plea and sentencing by attorney Walter Sanchez, retained counsel. Mr. Sanchez is known to the court as an extremely competent counsel.

charges.

## PROCEDURAL HISTORY

Defendant was indicted on May 12, 2011 with one count of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and with three counts of receiving child pornography in violation of 18 U.S.C. §2252A(a)(2)(A). On November 3, 2011, the defendant entered a guilty plea to Count 2 pursuant to a written plea agreement (Doc. 24).

At sentencing, Broussard's offense level was 34 with a criminal history category of I yielding a guideline sentencing range of 151 to 188 months imprisonment to be followed by a supervised release range of five years to life. In response to his defense counsel's sentencing memorandum with the attached psychiatric report, this court departed downward from the defendant's guidelines sentencing range and imposed a term of 120 months imprisonment to be followed by a ten-year term of supervised release (Doc. 45, p. 3).

The judgment was entered on March 9, 2012 and Broussard did not appeal (Doc. 31). This motion to vacate under 28 U.S.C. §2255 is Broussard's first challenge to his conviction or sentence.

## FACTS

The facts are summarized in the government's Reply and are specifically adopted by the court. They will not be reiterated here.

## GUILTY PLEA

At his Rule 11 hearing, Broussard acknowledged an understanding of the offense and the essential elements required to convict him of the offense (Doc.24-3;Doc.43,p.5). The defendant acknowledged that these essential elements would have to be proven at trial and acknowledged the

2

stipulated factual basis for his guilty plea as true before pleading guilty to the charge of receiving child pornography (Doc. 43, pp. 10-11).

During the course of his guilty plea colloquy, the defendant further acknowledged that his guilty plea to this offense would result in a mandatory minimum term of imprisonment of not less than five years and up to 20 years (Doc.43, p.6). This court also explained to the defendant the rights that he was waiving by pleading guilty to include his right to trial before a jury and to require the government to prove its case beyond a reasonable doubt, his right to be represented by appointed counsel during that trial and to confront the witnesses against him and to subpoena and call witnesses to testify in his behalf and further that he could not be required to testify against himself, but if he wished to testify he could do so (Doc.43,pp.7-8). The undersigned also explained that by going to trial, he preserved his right to appeal the verdict of guilty, but by pleading guilty he admits his guilt so in essence waives the right to appeal the verdict of guilty. This court further explained that even if he could not afford counsel, he has the right to counsel of choice or court appointed counsel if he cannot afford counsel. After advising defendant of all the rights he was waiving by pleading guilty, the undersigned asked him if anyone had forced him, threatened him or coerced him in any way to enter this plea and defendant, under oath replied, "No" (Doc. 43, p. 9).

## LAW AND ANALYSIS

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Broussard has not established cause and prejudice.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008). Although Broussard argues that he is innocent of the "receipt" charges, because his sentence was within the guideline range applicable to "possession," he was not prejudiced.

The issues raised by the defendant in his §2255 motion were not raised on direct appeal. The Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on

collateral review. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (footnote omitted). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). In this case, Broussard did not challenge the validity of his plea on direct appeal. In failing to do so, petitioner procedurally defaulted that claim. *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 1610 (1998).

Broussard argues ineffective assistance of counsel in his §2255 motion. An ineffective assistance of counsel claim can be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Navejar*, 963 F.2d 733, 735 (5th Cir. 1992).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that

*Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second- guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998); *Murray v. Maggio*, 736 F.2d at 282.

Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The root of the defendant's argument is that his guilty plea cannot be voluntary because he did not receive competent legal representation. The Supreme Court has recently issued two decisions addressing the question of ineffective assistance of counsel with regard to a defendant's rejection of a plea agreement. *Lafler v. Cooper*, 566 U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) and *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Broussard relies on these two cases in his argument, but this reliance is misguided.

*Lafler* and *Frye* are easily distinguished. This is not an instance where a plea offer has lapsed or been rejected because of counsel's deficient performance. In *Missouri v. Frye,* 32 S.Ct. 1399, 1406 (2012) the defense counsel failed to communicate a plea offer to the defendant that may have been more favorable than one that was later accepted. In *Lafler,* a defendant charged with assault with intent to commit murder and other charges was offered a plea agreement that included a recommendation for a sentence of 51 to 85 months. 132 S.Ct. at 1383. Counsel advised the Defendant to reject the offer because, counsel said, the prosecution could not establish intent to commit murder. *Id.* Both sides agreed that the advice was deficient. *Id.* at 1384. The Defendant proceeded to trial, was convicted and received a sentence of 185 to 360 months. *Id.* at 1383.

The *Lafler* Court stated:

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. During plea negotiations defendants are "entitled to the effective assistance of competent counsel".... In this case all parties agree the performance of respondent's counsel was deficient when he advised respondent to reject the plea offer on the grounds he could not be convicted at trial ....

The defendant has not demonstrated that either situation which existed in *Frye* or *Lafler* is present in this case.

To establish *Strickland* prejudice a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler* at 1384 (citations omitted).

The Federal Rules and Supreme Court precedents give trial courts leeway to accept or reject plea agreements, see Fed. Rule Crim. Proc. 11(c)(3); *Boykin v. Alabama,* 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework. *Frye,* at 1408 -1410.

Broussard has not proven that Sanchez's advice was deficient. The defendant received the benefit of credit for acceptance of responsibility by pleading guilty. Because of Sanchez's very effective representation Broussard received a downward departure. Downward departures in child

pornography cases are not something that this court usually grants. If Broussard had proceeded to trial rather than pleading guilty, there is a reasonable probability that he would have faced a significantly harsher sentence.

Broussard also argues that his counsel's advice not to retain a forensic expert was fatal to his case. In evaluating attorneys' judgments as to whether to pursue evidence, courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[2] We apply a "heavy measure of deference to [an attorney's] judgments" as to whether additional evidence may be adduced by further investigation.[3] "If the decision not to investigate beyond a certain point is reasonable, then the failure to do so cannot constitute ineffective assistance of counsel."[4] Broussard has failed to show what a forensic expert would have divulged or why it would have been likely to make any difference in his trial or sentencing.[5] The government submitted a forensic analysis of the images found on the computer and hard drive. Further analysis would have been a waste of judicial resources.

Broussard argues that Sanchez erred in not objecting to sentencing enhancements. The multiple images found support the enhancements. Sanchez had to weigh objecting to the enhancements and losing acceptance of responsibility versus pursuing a downward departure at sentencing. Sanchez made an informed legal decision to pursue the downward departure and that was the correct decision.

---

[2] *Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

[3] *Id.*

[4] *Stenson v. Lambert*, 2007 WL 2782551, *14 (9th Cir., 2007).

[5] *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

The defendant's remaining arguments of failing to argue for a lesser included offense, double jeopardy and disparity in sentencing likewise have no merit. Accordingly, for the reasons stated herein, the defendant's §2255 Motion will be denied.

Lake Charles, Louisiana, this 26 day of April, 2013.

                                            PATRICIA MINALDI
                                        UNITED   STATES   DISTRICT   JUDGE